J-S19037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS EUGENE BEEBE II | : | |
| | : | |
| Appellant | : | No. 1156 WDA 2020 |

Appeal from the PCRA Order Entered October 16, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000880-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS EUGENE BEEBE II | : | |
| | : | |
| Appellant | : | No. 1240 WDA 2020 |

Appeal from the PCRA Order Entered October 16, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000880-2017

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: JULY 13, 2021**

Thomas Eugene Beebe II (Beebe) appeals from the October 16, 2020 order of the Court of Common Pleas of Erie County (PCRA court) denying his petition filed pursuant to the Post-Conviction Relief Act.[1] We affirm the order

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq.*

at docket number 1156 WDA 2020 and dismiss the appeal at docket number

1240 WDA 2020.

**I.**

The PCRA court previously set forth the facts of this case as follows:

On December 3rd, 2016, Kristen Ross and Amanda Hutchings were at the Tamarack bar in Corry, Pennsylvania. Sometime during the evening, [Beebe], who had an "on and off" romantic relationship with Ms. Ross, entered the bar, spoke with Ms. Ross, and [Beebe] and Ms. Ross exited the bar. [Beebe] and Ms. Ross talked for "a while" outside "down a little ways up the road." Ms. Hutchings left the bar to check on Ms. Ross and [Beebe], who were standing three to four feet apart from each other, and observed [Beebe] remove a firearm from inside his coat and discharge[] a single round away from the bar. Ms. Hutchings then entered the bar and notified the bartender, Sandra Vantassel, who locked down the bar for the safety of the patrons and called the police. Ms. Vantassel stated she heard a "pop" before Ms. Hutchings reentered the bar.

After Ms. Vantassel called the police, Officer Richard Bayhurst of the Corry City Police Department arrived at the bar in response to information regarding "shots fired outside the location of the Tamarack Bar." Officer Bayhurst arrived at the bar and made contact with Ms. Ross and obtained a statement from Ms. Ross, which was recorded with Officer Bayhurst's body camera. Officer Bayhurst attempted to locate [Beebe], but when unable to do so, he began searching the area for evidence and recovered pieces of a magazine for a Smith and Wesson as well as a .380 caliber shell casing. Officer Bayhurst later made contact with Steve Holton, the owner of the Smith and Wesson, who reported the same Smith and Wesson missing on November 8th, 2016. Ultimately, Deputy U.S. Marshall Brent Novak apprehended [Beebe] in possession of the firearm concealed on [his] person along with a magazine in Buffalo, New York. . . .

On December 18th, 2017, a jury trial was held; however, this [t]rial [c]ourt declared a mistrial shortly after the trial began. Specifically, the Commonwealth called Ross as a witness to testify,

but the Commonwealth's direct examination of Ms. Ross prompted [Beebe's counsel to object and move for a mistrial. . .[2]

On December 19th, 2017, a new jury was selected and a second jury trial was held. During the Commonwealth's case-in-chief, Assistant District Attorney Grant T. Miller called Ms. Ross, who testified that when she provided a statement to Officer Bayhurst on December 3rd, 2016, she "did not tell the police the truth" and specifically testified that she "told the police that [Beebe] had a gun, but [she] . . . did not see a gun." (*See* Notes of Testimony, Jury Trial, Day 2, Dec. 19, 2017, pg. 32:411). In order to impeach Ms. Ross' testimony, ADA Miller played to the jury the body camera video footage capturing Ms. Ross' statements to Officer Bayhurst recorded on December 3rd, 2016. After a portion of the body camera footage was played to the jury, this [t]rial [c]ourt excused the jury. [Trial counsel] then objected to the display of the body camera footage and orally moved for a mistrial. . . .[3]

After a lengthy discussion outside the presence of the jury on the record . . . and after this [t]rial [c]ourt reviewed the remainder of the video outside of the presence of the jury, this [t]rial [c]ourt permitted ADA Miller to display the remainder of the video footage to the jury for the limited purpose of impeaching Ms. Ross with the aid of a carefully worded and helpful curative instruction.

Opinion, 4/17/18, at 2-5 (citations omitted). Beebe was subsequently convicted of two counts of terroristic threats and one count each of recklessly endangering another person, harassment, receiving stolen property, carrying

---

[2] Ross testified that at the time of the incident, [Beebe] was on probation and not permitted to be at the bar.

[3] Officer Bayhurst could be heard on the body camera footage stating that Beebe lived in an area with a drug trade and that he made money from drugs. Beebe objected on the basis that these statements were unduly prejudicial.

a firearm without a license and discharging a firearm in city limits.[4] He was sentenced to an aggregate term of 8 to 19 years of incarceration.

Beebe waived his right to counsel on direct appeal and proceeded *pro se*. He argued only that the trial court had abused its discretion in allowing the body camera footage into evidence.[5] *Commonwealth v. Beebe*, 247 WDA 2018, at *7 (Pa. Super. May 14, 2019) (unpublished memorandum), *allocatur denied*, (Pa. Feb. 3, 2020). This Court held that he had waived this issue by failing to include it in his concise statement pursuant to Pa.R.A.P. 1925(b). *Id.* In the alternative, we concluded that the issue was meritless because the trial court issued a cautionary instruction to the jury instructing it to disregard all of Officer Bayhurst's statements on the video. *Id.* at 7-8 n.3. The footage was properly admitted for the sole purpose of impeaching Ross' testimony that she did not see a gun. *Id.*

Beebe filed a timely *pro se* PCRA petition on February 21, 2020. The PCRA court appointed counsel, who filed a supplement to the petition on June

---

[4] 18 Pa.C.S. §§ 2706(a)(1) & (3), 2705, 2709(a)(2), 3925(a), 6106(a)(1); Local Ordinance 750(1).

[5] Beebe's counseled Pa.R.A.P. 1925(b) statement was filed before he was granted leave to proceed *pro se*. *Beebe*, 247 WDA 2018, at *6. In that statement, the sole issue raised was whether the trial court erred in admitting testimony that Beebe was on probation at the time of the shooting and was not permitted to be at the bar. *Id.* However, the trial court granted Beebe's motion for a mistrial after Ross made this statement and she did not offer that testimony in his second trial. Opinion, 4/17/18, at 6-7.

5, 2020. The Commonwealth filed a response and the PCRA court subsequently filed a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Beebe filed a response to the notice and the PCRA court then dismissed the petition. Beebe timely appealed[6] and he and the PCRA court have complied with Pa.R.A.P. 1925.

## II.

Beebe raises ten issues on appeal, which we have reordered for ease of disposition.[7] His claims fall into three categories: issues of trial court error,

---

[6] Beebe filed a *pro se* notice of appeal on October 30, 2020, which was docketed at 1156 WDA 2020. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (holding this Court is required to docket a *pro se* notice of appeal even when the appellant is represented by counsel). Counsel then filed a notice of appeal on November 13, 2020, which was docketed at 1240 WDA 2020. This Court consolidated the appeals *sua sponte* on January 5, 2021, and Beebe filed a single brief in accordance with Pa.R.A.P. 513. Because both appeals are from the same order and involve the same issues, we dismiss the appeal docketed at 1240 WDA 2020 as duplicative. **See Neidert v. Charlie**, 143 A.3d 384, 387 n.3 (Pa. Super. 2016) (stating that this Court may summarily dismiss duplicative appeals). We note that Beebe was represented by counsel on this appeal and is not prejudiced by the dismissal at docket number 1240 WDA 2020.

[7] "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." **Commonwealth v. Weimer**, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.** (citation omitted). This Court defers to the PCRA court's factual findings and credibility determinations that are supported by the record and we review its legal conclusions *de novo*. **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-

ineffective assistance during the trial court proceedings, and ineffective assistance related to his direct appeal.[8]

## A.

First, Beebe argues that the trial court abused its discretion by admitting Officer Bayhurst's body camera footage at trial. He claims that the trial court improperly sought to "salvage the instant trial from a second mistrial" by issuing a curative instruction regarding the prejudicial statements on the video. Beebe's Brief at 8. While Beebe includes a boilerplate citation to the standard for ineffective assistance of counsel in his argument on this point, his PCRA petition and brief on appeal raise this issue as one of trial court error.

To be eligible for relief under the PCRA, a petitioner must plead and prove that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). An issue is waived if the petitioner could have raised it before trial, at trial, on direct appeal or in a prior PCRA proceeding but failed

---

conviction collateral relief; and that no legitimate purpose would be served by further proceedings." **Commonwealth v. Brown**, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

[8] Beebe's brief on appeal is deficient in several respects. His statement of questions presented does not coincide with the issues discussed in the argument section of his brief. **See** Pa.R.A.P. 2116(a), 2119(a). He does not support his argument with citations to the lower court record or trial transcripts or include reference to legal authority in support of many of his arguments. **See** Pa.R.A.P. 2119(a)-(e). This Court could dismiss the appeal based on these deficiencies. **See** Pa.R.A.P. 2101. Nevertheless, because we can discern his arguments and the PCRA court addressed the merits of the claims, we will review the claims raised in the argument section of his brief.

to do so. ***Commonwealth v. Oliver***, 128 A.3d 1275, 1281-82 (Pa. Super. 2015). Because a petitioner must show that his claim has not been previously litigated or waived, the PCRA procedurally bars claims based solely on trial court error. ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) ("At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not)."). As the PCRA court acknowledged, this Court held in Beebe's direct appeal that he had waived his claim regarding the admission of the body camera footage at trial. ***Beebe***, 247 WDA 2018, at *7. He is not entitled to relief on this claim of trial court error under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(3).

Similarly, Beebe argues that his convictions were "against the weight of the evidence compelling the intercession of the trial [c]ourt in entering an arrest of judgment as to all of the convictions as the underlying trial record was constituted by speculative and *de minimus* evidence establishing any criminal liability." Beebe's Brief at 13. While his question presented frames this claim as one of ineffective assistance of counsel, his argument attributes the error to the trial court. In essence, he argues that the trial court should have *sua sponte* ordered a new trial based on the weight of the evidence even though trial counsel did not request such relief. ***Id.*** at 12-13.

This claim is meritless. A motion for a new trial based on the weight of the evidence must be preserved orally on the record before sentencing, in a written motion before sentencing or in a timely post-sentence motion.

Pa.R.Crim.P. 607(A). Our review of the record reveals that Beebe did not preserve this claim through any of these means, and he cites no authority for his position that a trial court may be compelled to grant such relief in absence of a motion by counsel. Because he previously waived this claim, he is not entitled to relief. *See* 42 Pa.C.S. § 9543(a)(3); *Reyes-Rodriguez*, *supra*.

### B.

Next, we address Beebe's claims related to ineffective assistance of trial counsel. He argues that trial counsel was ineffective for failing to (1) call three witnesses he identifies for his defense, (2) move for a directed verdict or judgment of acquittal at the close of the Commonwealth's case, (3) object to the admission of physical evidence, (4) subpoena the 911 caller to testify at trial, (5) move to exclude evidence of his criminal charges in New York, and (6) object to the Commonwealth's closing argument.

"To prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Sarvey*, 199 A.3d 436, 452 (Pa. Super. 2018). "[F]ailure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two." *Commonwealth v. Robinson*, 877 A.2d 433, 439 (Pa. 2005) (citation omitted). Counsel cannot be ineffective for failing to pursue a meritless claim. *Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012). While claims of trial court

error may support the arguable merit element of an ineffectiveness claim, a petitioner must meaningfully discuss each of the three prongs of the ineffectiveness claim to prove he is entitled to relief. ***Reyes-Rodriguez***, ***supra***, at 780. We presume that counsel has rendered effective assistance. ***See Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015).

**1.**

First, Beebe argues that trial counsel was ineffective for failing to call Debra Hatley, Madison Hatley and Laura Beebe as witnesses at trial. In his petition, Beebe averred that Debra Hatley would have testified that she had never seen Beebe with a firearm or acting violently toward Ross. He averred that Madison Hatley, his neighbor of five years, would testify that she had never witnessed Beebe acting in a violent manner. Finally, he stated that Laura Beebe would testify regarding Beebe's relationship with Ross, "including [Beebe's] non-violent demeanor and having emotional issues and connections to [] Ross, which Ross used to manipulate [Beebe]." Post-Conviction Relief Act Petition, 2/21/20, at 9, 9-1. He claimed that all three witnesses would testify that they were willing and available to testify at his trial.[9]

To succeed on a claim that counsel was ineffective for failing to call a witness at trial, a PCRA petitioner must establish:

_____

[9] Beebe's counseled supplement to his petition restates these averments and argues that the testimony would have cast doubt on Ross' statements in the body camera footage.

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Wantz***, 84 A.3d 324, 331 (Pa. Super. 2014) (citation omitted). When analyzing the prejudice prong under our standards for ineffectiveness, we must determine whether there is a reasonable probability that the outcome of the trial would have been different if the witness had testified. ***Wantz***, ***supra***, at 333-34.

In its opinion, the PCRA court set forth its reasoning for denying relief on this claim:

> In the instant case, [Beebe] failed to present any evidence he informed his trial counsel of the presence of these witnesses. [Beebe] merely summarizes what they would have testified to and why that was valuable to [his] case. [He] also overestimated the value any of these witnesses would have had in the case against [him]. None of these witnesses were present at the bar on the night in question, and none of them witnessed the actions for which [he] was charged. According to [Beebe], their opinion testimony would have established only that [he] and Kristin Ross were a happy couple, and that it was not within [his] character to discharge a firearm at Kristin Ross. Not only is their opinion as to [Beebe's] character inadmissible, *see* Pa.R.E. 405, but even if it were admissible, their testimony would have been directly contradicted by eyewitness testimony . . . not to mention the physical evidence tying [him] to the firearm.

PCRA Court Opinion, 12/29/20, at 11. We discern no abuse of discretion. Beebe did not plead or prove that trial counsel "knew, or should have known, of the existence of the witness" at the time of trial. ***Wantz***, ***supra***. He did not plead that the individuals had personal knowledge of the events in

question. His description of the witnesses' testimony indicates only that they would have testified to their opinions of his character for non-violence, which is an inadmissible form of character evidence. *See* Pa.R.E. 405(a). This claim is meritless.

**2.**

Next, Beebe claims that trial counsel was ineffective because he failed to move for a directed verdict or judgment of acquittal after the Commonwealth rested its case. He argues that Ross' testimony was inconsistent and incredible because she recanted her prior statements to Officer Bayhurst and testified that the crimes did not occur as she had originally reported them.[10] He contends that she fabricated the allegations out of animus toward him and that her testimony should have been insufficient to sustain the Commonwealth's case.

Our review of the trial transcript reveals that trial counsel did move for a judgment of acquittal after the Commonwealth rested its case. Notes of Testimony, 12/19/17, at 135. The trial court denied the motion. *Id.* Because

---

[10] At trial, Ross testified that on the night of the shooting, she briefly spoke with Beebe outside the bar and he broke up with her. She said she then went back into the bar without incident. The Commonwealth introduced into evidence footage from the body camera Officer Bayhurst wore while responding to the scene. The video showed Ross telling Officer Bayhurst that Beebe had a gun and had fired it while they were talking. After she was confronted with the video, Ross testified that she lied on the night of the incident because she was angry about the breakup.

the record does not bear out Beebe's argument that counsel was deficient in failing to pursue this relief, the PCRA court did not abuse its discretion in dismissing this claim.[11]

**3.**

Beebe argues that trial counsel was ineffective for failing to object to the admission of pieces of a magazine and a shell casing that Officer Bayhurst recovered from the scene of the shooting. He argues that the Commonwealth failed to lay the proper foundation and did not establish a chain of custody for the evidence. He further argues that the items were not disclosed in discovery, and that trial counsel failed to adequately cross-examine Officer Bayhurst regarding "the integrity of his investigation and the proper preservation and documentation of the crime scene." Beebe's Brief at 16.

At trial, the Commonwealth presented photos of the bar and a nearby parking lot and sidewalk. Officer Bayhurst identified the area where he recovered the pieces of a firearm magazine. The Commonwealth then showed him various pieces of the magazine, which he identified as a spring, part of a base plate and a follower. He testified that he recognized these items as

---

[11] Moreover, Beebe's attack on the sufficiency of the Commonwealth's case focuses entirely on perceived deficiencies of Ross' trial testimony and prior statements. He fails to acknowledge that Hutchings, a third party, also testified that she saw Beebe discharge his weapon while speaking with Ross.

components of a magazine based on his training.[12] He also testified that he recovered a shell casing within a few feet of the magazine parts and identified the shell casing for the jury. Finally, he testified that he received a shell casing from Holton, the owner of the stolen firearm used in the shooting, to compare to the shell casing he recovered from the scene. In addition, the Commonwealth and Beebe stipulated to the admission of the firearm that was recovered from Beebe when he was arrested in New York, which was the same firearm Holton had reported as stolen. Beebe's trial counsel did not cross-examine Officer Bayhurst.

On appeal, Beebe restates the arguments he made in his petition. Beebe has not established how he was prejudiced by trial counsel's failure to object to the admission of this physical evidence or cross-examine the officer. He does not claim that the evidence was improperly collected or identify any deficiencies in the investigation that counsel failed to raise at trial. He merely speculates that some form of objection or cross-examination could have impeached Officer Bayhurst's credibility or prevented the physical evidence from being admitted at trial. In dismissing this claim, the PCRA court concluded that there was "no objectively reasonable basis to question Officer

---

[12] Officer Bayhurst had testified that he received firearm training and was certified to qualify other individuals in safely handling firearms. Beebe stipulated to Officer Bayhurst's "qualifications as a policeman." Notes of Testimony, 12/19/17, at 114.

Bayhurst's credibility, the genesis of the evidence located by him, or its comparison to the firearm found in [Beebe's] possession." Opinion and Order, 10/16/20, at 12. Because Beebe has not shown that trial counsel neglected to pursue an avenue with arguable merit, he cannot establish that he was prejudiced by counsel's failure to cross-examine Officer Bayhurst or object to the admission of the physical evidence. This argument is meritless.

**4.**

Next, Beebe argues that trial counsel was ineffective for failing to subpoena an unknown 911 caller to testify at trial. He argues that a woman allegedly called the police on the night of the shooting to report that he was at the bar and that there was an outstanding warrant for his arrest. He contends that he was deprived of the opportunity to confront this woman when trial counsel failed to investigate the call and procure her testimony for trial. He argues that Officer Bayhurst offered conflicting testimony regarding how he was called to the scene, and that the caller's testimony could have been used to highlight inconsistencies in Officer Bayhurst's testimony.

Beebe did not attempt to establish any of the factors cited in Section II.B.1, *supra*, to plead and prove a claim that trial counsel was ineffective for failing to call a witness. ***See Wantz***, ***supra***. He does not cite in his petition or his brief to any part of the record that tends to support that such a caller existed, let alone that he or she was available to testify at trial. ***Id.*** As the PCRA court points out, Vantassel testified that she called the police after she

heard a "slight pop" and Hutchings told her that Beebe had fired a gun outside. Notes of Testimony, 12/19/17, at 89. Officer Bayhurst testified only that he received information regarding shots fired outside of the bar but did not testify regarding the source of that information. *Id.* at 115. Contrary to Beebe's argument in his brief, Officer Bayhurst did not offer any conflicting or contradictory testimony regarding his reason for reporting to the bar. Finally, neither Vantassel nor Officer Bayhurst testified that there were any outstanding warrants for Beebe's arrest. The PCRA court did not abuse its discretion in finding no merit to this claim.

**5.**

Next, Beebe claims that trial counsel was ineffective for failing to move to exclude any reference to the criminal charges that were filed against him in New York after he was apprehended in connection with this incident. However, Beebe did not include this issue in his concise statement pursuant to Pa.R.A.P. 1925(b). *See* Concise Statement of Matters Complained of on Appeal, 12/14/20. It is well-settled that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). Accordingly, this issue is waived.[13]

_____

[13] Even if we were to reach the merits of this claim, Beebe would not be entitled to relief. The PCRA court found that trial counsel had a reasonable basis for allowing the jury to hear that Beebe was charged in New York and

**6.**

Next, Beebe argues that trial counsel was ineffective for failing to object to alleged misconduct in the Commonwealth's closing argument.[14] He claims that the Commonwealth intentionally misstated aspects of Hutchings' testimony and that the "Commonwealth further violated the [c]ourt's stipulated order and sought to influence and inflame the jury by intentional falsehoods not supported by the trial record."[15] Beebe's Brief at 18.

In reviewing a prosecutor's closing argument for misconduct, "comments cannot be viewed in isolation but, rather, must be considered in

_____

that the charges were subsequently dismissed. **See** Notice, 8/13/20, at 13-14 (citing Notes of Testimony, 12/19/17, at 3-5). Before trial, the Commonwealth sought to exclude from evidence the fact that Beebe was criminally charged in New York when he was apprehended and that the charges were dismissed. Notes of Testimony, 12/19/17, at 3. Trial counsel argued that the jury might infer from the testimony that Beebe was charged and convicted in New York, and that he wanted to mitigate any prejudice by introducing the fact that those charges had been dismissed. **Id.** at 4-5. The PCRA court concluded that rebutting an inference that Beebe had already been criminally convicted was a reasonable basis for trial counsel's decision not to object to the admission of the charges entirely. **See** Notice, 8/13/20, at 14. This was not an abuse of discretion.

[14] Beebe also argues that the trial court should have intervened *sua sponte* to cure the allegedly false statements in the Commonwealth's closing even in absence of an objection by the defense. He cites no authority in support of this proposition and we conclude it is meritless.

[15] Beebe does not identify the "stipulated order" that he claims the Commonwealth violated in its closing argument.

the context in which they were made." ***Commonwealth v. Judy***, 978 A.2d 1015, 1019 (Pa. Super. 2009) (citation omitted). Moreover,

> [i]t is well settled that a prosecutor has considerable latitude during closing arguments and his arguments are fair if they are supported by the evidence or use inferences that can reasonably be derived from the evidence. Further, prosecutorial misconduct does not take place unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict.

***Id.*** at 1020. In closing arguments, prosecutors are permitted to make fair inferences from the evidence presented at trial and to respond to arguments made by defense counsel. ***Id.*** at 1019-20.

> In addressing this claim, the PCRA court explained:

> After a full review, this [c]ourt determined Commonwealth's closing argument was well within the bounds allowed under Pennsylvania law. Commonwealth did not assert any false statements or make any improper inferences, and there were certainly no statements made that could have resulted in such a fixed bias or hostility toward [Beebe] that he could no longer have received a fair verdict. For these reasons, [Beebe's] ineffective assistance claim regarding failure to object to Commonwealth's closing argument lacks arguable merit.

PCRA Court Opinion, 12/23/20 at 11-12. After review, we agree. The Commonwealth's closing argument fairly describes Hutchings' testimony in which she stated that she saw Beebe pull out a firearm from where it had been concealed in his coat and fire it into the air. Beebe argues that the Commonwealth improperly stated that Hutchings saw him flee the scene of the shooting when she, in fact, testified that she reentered the bar immediately after he fired the weapon. This argument is meritless. It was

- 17 -

undisputed at trial that Beebe left the scene of the shooting and was not apprehended until days later in New York. The Commonwealth's argument was a fair summation of the evidence presented and trial counsel cannot be found ineffective for failing to raise a meritless claim. **Rykard**, **supra**. Accordingly, the PCRA court did not abuse its discretion in denying relief on this claim.

## C.

Finally, Beebe argues that counsel was ineffective for failing to preserve a claim for direct appeal that his convictions merged for sentencing purposes. He does not set forth the elements of each of the crimes for which he was convicted or apply the merger statute to explain how the offenses merge. **See** 42 Pa.C.S. § 9765. He baldly asserts that the "respective criminal counts all emanated from the identical set of facts and all shared concurrent elements thereby supporting the aggregate merger of all the respective convictions for sentencing purposes." Beebe's Brief at 12. This claim is meritless.[16]

While Beebe contends that this issue concerns the discretionary aspects of his sentence, **see** Beebe's Brief at 12, it is well-settled that the doctrine of merger implicates the legality of a sentence and is non-waivable,

---

[16] We note that Beebe pled this claim of relief only under the PCRA's subsection related to ineffective assistance of counsel, 42 Pa.C.S. § 9543(a)(2)(ii), and not under the subsection related to relief from illegal sentences, 42 Pa.C.S. § 9543(a)(2)(vii). Post-Conviction Relief Act Petition, 2/21/20, at 3 & Memorandum of Law at 3-6; Supplement to Motion for Post Conviction Collateral Relief, 6/5/20, at unnumbered 5-6.

*Commonwealth v. Hill*, 238 A.3d 399, 409 (Pa. 2020). Thus, even though Beebe's counsel did not raise this argument at sentencing, in a post-sentence motion or in the concise statement pursuant to Pa.R.A.P. 1925(b) for Beebe's direct appeal, Beebe was not foreclosed from raising the argument for the first time on appeal when he elected to proceed *pro se*. **See Beebe**, 247 WDA 2018, at *7; **Hill**, **supra**. As a result, he cannot establish that he was prejudiced by counsel's failure to preserve this claim and he is entitled to no relief.

Order affirmed at docket number 1156 WDA 2020. Appeal dismissed at docket number 1240 WDA 2020.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/13/2021

- 19 -